UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE COOPER T. SMITH
MOORING COMPANY, INC.
        CIVIL ACTION

        NO: 23-1106

        SECTION: "H"

## ORDER AND REASONS

Before the Court are Claimant's Re-Urged Motion to Dissolve Restraining Order (Doc. 22) and Petitioner's Motion for Summary Judgment on Seaman Status (Doc. 11). For the following reasons, Claimant's Re-Urged Motion to Dissolve Restraining Order is **GRANTED**, and Petitioner's Motion for Summary Judgment on Seaman Status is **DENIED**.

## BACKGROUND

This case arises out of an incident aboard M/V MISS CHERYL on September 21, 2021, while M/V MISS CHERYL was "providing line handling services to pull Barge GM 5001 off ground when it was located near Bonnet Carre Anchorage, Mile 127 a.h.p. lower Mississippi River."[1] Claimant Corey Darcoa reported that he injured his back when handling a shackle during the operation. At the time of the incident, Claimant was employed by Petitioner

---

[1] Doc. 1 at 2.

Cooper T. Smith Mooring Co., Inc., and Petitioner was the owner and operator of M/V MISS CHERYL. On December 28, 2022, Claimant Cory Daroca filed a petition in the 29th Judicial District Court for the Parish of St. Charles, asserting Jones Act, general maritime law unseaworthiness, and maintenance and cure claims arising out of the incident.[2]

On March 20, 2023, Petitioner filed a Complaint for Exoneration from or Limitation of Liability for all claims arising out of the operation and use of M/V MISS CHERYL on September 21, 2021.[3] On April 4, 2023, this Court granted Petitioner's Motion for Approval of Security, Restraining Claims, and Issuance of Notice to Claimants, setting a monition date of July 30, 2023. On July 25, 2023, Claimant filed an Answer and Claim against Cooper T. Smith Mooring Company, asserting Jones Act negligence, unseaworthiness, and maintenance and cure claims in this Court.[4]

Petitioner thereafter moved this Court to dissolve the injunction and allow him to proceed with his claims in state court. The Court denied the motion without prejudice to the right to be re-urged because Claimant's stipulation "fail[ed] to adequately protect Petitioner's right to limit liability."[5] Claimant now submits an amended stipulation and re-urges this Court to dissolve the April 4, 2023 injunction. Petitioner opposes.[6]

## LEGAL STANDARD

The Limitation Act provides in pertinent part that "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b)

---

[2] Doc. 9-1 at 1.
[3] Doc. 1.
[4] Doc. 5.
[5] Doc. 22 at 5.
[6] Doc. 25. *See also* Docs. 11 & 17 (incorporated by reference).

shall not exceed the value of the vessel and pending freight."[7] Liabilities subject to limitation

> are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.[8]

An owner of a vessel may bring a civil action in a district court of the United States for limitation of liability.[9]

"Courts have had difficulty interpreting the interaction between the Limitation Act and the 'saving to suitors' clause of the Judiciary Act of 1789."[10] The Judiciary Act of 1789 provides that "the district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[11] Tension exists between the saving to suitors clause and the Limitation Act because "[o]ne gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court."[12]

In easing this tension, the Fifth Circuit has recognized that "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been

---

[7] 46 U.S.C. § 30523(a).
[8] *Id.* § 30523(b).
[9] *Id.* § 30529(a). *See also* FED. R. CIV. P. SUPP. R. F(2).
[10] *In re* Tetra Applied Techs. LP, 362 F.3d 338, 340 (5th Cir. 2004).
[11] 28 U.S.C. § 1333(1).
[12] Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 449 (2001) (citing Langnes v. Green, 282 U.S. 531, 544 (1931)).

heard by the federal court."[13] "Thus, if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court."[14] Once a court is satisfied that the vessel owner's right to seek limitation of liability is protected, the decision to dissolve the injunction is "one of discretion in every case."[15]

## LAW AND ANALYSIS

As a preliminary matter, Petitioner asks this Court to rule on its pending Motion for Summary Judgment on Seaman Status before ruling on Claimant's Motion to Dissolve Injunction. In support of this request, Petitioner argues that "[t]he summary judgment evidence on seaman status shows [Darcoa's] claim is not one that is saved under the savings clause because *Lewis* [*v. Lewis & Clark Marine, Inc.*] recognized that the injunction to allow a claim to proceed in state court could not be used to alter maritime substantive law."[16]

The Court finds Petitioner's arguments to be misplaced. Indeed, the Supreme Court has recognized that "the saving to suitors clause preserves *remedies* and the concurrent jurisdiction of state courts over some admiralty and maritime claims."[17] In interpreting which "remedies" were saved under the clause, the Supreme Court has instructed that the saving to suitors clause only saves "the right of a common-law remedy, where the common law is

---

[13] *In re Tetra*, 362 F.3d at 341 (quoting Odeco Oil & Gas Co. v. Bonnette, 4 F.3d 401, 404 (5th Cir. 1993)). *See also Langnes*, 282 U.S. at 541–43 (holding that where a single claimant files suit in state court and the owner files a petition for limitation of liability in federal court, the federal court must allow the claimant's action to proceed in state court while retaining jurisdiction over the limitation of liability action); *Ex Parte* Green, 286 U.S. 437, 439–40 (1932).
[14] *In re Tetra*, 362 F.3d at 341 (citing *Lewis*, 531 U.S. at 454).
[15] *Lewis*, 531 U.S. at 449 (quoting *Langnes*, 282 U.S. at 544).
[16] Doc. 16 at 9.
[17] *Lewis*, 531 U.S. at 445 (emphasis added).

4

competent to give it."[18] The Court's determination of whether Claimant has a saved remedy therefore does not require consideration of the merits of his claim, as suggested by Petitioner, but rather, consideration of the nature of the proceedings at hand. Proceedings *in rem*—as opposed to proceedings *in personam*—are not common-law remedies and therefore not saved to suitors.[19] Claimant's Jones Act claims are *in personam* and therefore a saved remedy under 18 U.S.C. § 1333.[20]

The Court also finds that Claimant does not ask the State to "alter maritime substantive law" as argued by Petitioner.[21] Indeed, in opposition to Petitioner's motion for summary judgment on seaman status, Claimant does not argue for a change in law or to "ignore the 30% rule of *Chandris*."[22] Rather, Claimant argues that Petitioner has undercalculated his time spent on vessels and that he meets the durational requirement to qualify as a seaman under *Chandris v. Latsis*.[23] And even so, the cases cited by Petitioner are

---

[18] Chelentis v. Luckenbach S.S. Co., 247 U.S. 372, 384 (1918) (quoting Moses Taylor, 71 U.S. 411 (1866)).

[19] *Id.* (citing *Moses Taylor*, 71 U.S. at 431). The Supreme Court has "defined the saving to suitors clause as a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts." *Lewis*, 531 U.S. at 445 (citing Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 123 (1924)).

[20] "A Jones Act claim is an *in personam* action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." *Lewis*, 531 U.S. at 441 (internal citations omitted).

[21] Doc. 16 at 9.

[22] *Id.* at 10. Moreover, Petitioner fails to explain why a state trial court would be incapable of applying well-established federal law to Claimant's Jones Act claims. In fact, state courts regularly apply "the 30% rule of *Chandris*." *See, e.g.*, Little v. Amoco Prod. Co., 734 So. 2d 933, 935–36 (La. App. 1st Cir. 1999); Lovejoy v. Bergeaux, 862 So. 2d 490, 494–95 (La. App. 3d Cir. 2003); Bell v. Dunn, 924 So. 2d 224, 231 (La. App. 4th Cir. 2005); Richard v. Mike Hooks, Inc., 799 So. 2d 462, 465 (La. 2001).

[23] *See, e.g.*, Doc. 17 at 3 ("In his declaration he states that a far more substantial amount of time, approximately seventy-five percent[,] involved activity in service of the vessel. He states that many of the dock jobs listed on the time sheets submitted by [Petitioner] . . . involved the use of vessels."); *id.* ("[A]s per company policy, when he was on jobs that were vessel jobs, they were required to be on site a full half hour before the commencement of the job. . . . [T]he thirty minute waiting time was not part of billing records . . . ."). To be

5

inapplicable.[24] Petitioner has failed to point to any state law remedy that would change substantive admiralty law. Accordingly, each of Petitioner's arguments fail, and the Court declines to consider the merits of Petitioner's Motion for Summary Judgment on Seaman Status at this time.

The Court now turns to the merits of Claimant's Re-Urged Motion to Dissolve Restraining Order. Because Claimant has not stipulated that his claims total less than the value of the vessel, the Court must consider whether his stipulation fully protects Petitioner's right to limit liability.[25] The Fifth Circuit has generally required that, for claims to proceed outside the limitation action, all claimants must stipulate that "the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court."[26]

Claimant has filed a claim in the limitation proceeding.[27] He has consented to waive any claim of res judicata relevant to the issue of limited

---

sure, the Court only considers these arguments in deciding whether to first rule on Petitioner's motion for summary judgment, as Petitioner argues that a change of substantive law is not an available remedy to which Claimant would be entitled under the saving to suitors clause. *See* 28 U.S.C. § 1333(1); *Lewis*, 531 U.S. at 445 ("The 'right of a common law remedy,' so saved to suitors, does not . . . include attempted changes by the States in the substantive admiralty law[.]").

[24] *See Lewis*, 531 U.S. at 445 (citing *Red Cross Line*, 264 U.S. at 123). In *Red Cross Line*, the Supreme Court upheld a New York arbitration statute, holding that it did not conflict with substantive maritime law. In so holding, the Court recognized that states may not make changes in substantive admiralty law, but the state courts may provide a remedy *in personam*, as opposed to *in rem*, for a cause of action over which it has concurrent jurisdiction. Thus, the Court held that "New York, therefore, had the power to confer upon its courts the authority to compel parties within its jurisdiction to specifically perform an agreement for arbitration which is invalid by the general maritime law, as well as by the law of the state . . . ." *Red Cross Line*, 264 U.S. at 123–24. In this case, Petitioner fails to identify any state remedy that would change substantive admiralty law.

[25] *See Odeco*, 4 F.3d at 405.

[26] *In re Tetra*, 362 F.3d at 341 (quoting *Odeco*, 4 F.3d at 404).

[27] Doc. 5.

liability based on any judgment obtained in the state court, and he has conceded the petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.[28] Now, Claimant has also stipulated that "he will not seek to enforce a greater damage award until the limitation action has been heard by this federal court."[29] Accordingly, the Court finds that Claimant's stipulation adequately protects Petitioner's right to limit liability, and the Court will exercise its discretion and permit Claimant to proceed outside this limitation action.

Having lifted the stay of Claimant's state court proceedings, the Court turns to Petitioner's Motion for Summary Judgment on Seaman Status. Considering a similar fact pattern, another section of this Court has explained:

> [Petitioner] seeks partial summary judgment on [Claimant's] status as a Jones Act seaman. "The issue of seaman status is . . . not jurisdictional to the limitation proceeding." In fact, Jones Act seaman [sic] are not the only persons entitled to file claims in limitation proceedings. Therefore, whether [Claimant] is a Jones Act seaman is irrelevant to this limitation proceeding.[30]

Claimant's Motion for Summary Judgment on Seaman status must therefore be denied.

---

[28] Doc. 22-1 at 1 ("[Claimant] waives any claim of res judicata concerning limited liability based on a state court judgment *and* stipulates that petitioner . . . be permitted to litigate issues relating to limitation of liability in this Court should claimant . . . obtain a judgment in state court in excess of limitation fund provided.") (emphasis added).

[29] *See id.*; *In re Tetra*, 362 F.3d at 341 (quoting *Odeco*, 4 F.3d at 404).

[30] Matter of Cooper/T. Smith Stevedoring Co., Inc., 735 F. Supp. 689, 692 (E.D. La. 1990) (citing *In re* Double D Dredging Co., 467 F.2d 468, 470 (5th Cir. 1972); Lloyd's Leasing, Ltd. v. Conoco, 868 F.2d 1447, 1448 (5th Cir. 1989)) (internal footnote omitted).

## CONCLUSION

For the foregoing reasons, Claimant's Motion to Dissolve Restraining Order (Doc. 22) is **GRANTED**, and Petitioner's Motion for Summary Judgment on Seaman Status (Doc. 11) is **DENIED**.

**IT IS ORDERED** that the injunction entered by the Court on April 4, 2023, is hereby **DISSOLVED** to allow Claimant to proceed in his state court action.

**IT IS FURTHER ORDERED** that the injunction entered by the Court on April 4, 2023, is hereby **CONTINUED** against entry of judgment and enforcement of any recovery awarded pending the outcome of this limitation proceeding.

New Orleans, Louisiana this 31st day of July, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**